```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION
```

Edward Davis,                    :

    Plaintiff,                 :     Case No. 2:05-cv-1032

        v.                      :

Belmont Correctional             :     JUDGE SMITH
Institution
                                   :     MAGISTRATE JUDGE KEMP
    Defendant.

## OPINION AND ORDER

On March 15, 2006, the Magistrate Judge issued a Report recommending that this Court grant the defendants motion to dismiss. After reviewing the Report and Recommendation *de novo*, this Court adopts the Report and Recommendation in its entirety.

### I.

When objections are received to a Magistrate Judge's Report and Recommendation, the assigned District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions." 28 U.S.C. §636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same affects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

### II.

In Mr. Davis' objections to the Report and Recommendation, Mr. Davis claims that the Magistrate Judge erred by recommending dismissal of this action for failure to exhaust administrative remedies because the Magistrate concluded that it was "unclear whether Mr. Davis exhausted all administrative remedies pursuant to Ohio Admin. Code §5120-9-31(J)." Report and Recommendation at p. 6. Mr. Davis alleges that because the Magistrate Judge's

determination was "unclear," the Magistrate Judge failed to satisfy the Fed.R.Civ.P. 12(b)(6) requirement that a complaint may be dismissed if it appears *beyond doubt* that the plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 335 U.S. 41 (1957).

This Court rejects Mr. Davis' argument. The passage of the Report and Recommendation that Mr. Davis cites is only a precursor argument to the Report's final conclusion. As the Magistrate Judge correctly noted, a liberal reading of the complaint reveals that Mr. Davis intended to sue both BCI and the BCI warden, Michelle Eberlin.

Under the Prison Litigation Reform Act, inmates must file a grievance and exhaust all administrative remedies against all people the inmate seeks to sue. See Burton v. Jones, 321 F.3d 569, 574-75 (6th Cir. 2003). It is the inmate-plaintiff's burden to prove that he exhausted all administrative remedies by alleging with specificity in his complaint that he did so, and attaching, when available, all administrative dispositions of his grievance. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). This heightened requirement allows federal courts to determine whether a claim may be decided on the merits without expending judicial resources to conduct evidentiary hearings. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

Because Ms. Eberlin is the BCI warden, Ohio law requires that Mr. Davis file a grievance directly with the office of the chief inspector within thirty calender days of the event giving rise to the complaint." See Ohio Admin. Code §5120-9-31(L). Not only did Mr. Davis fail to file a grievance directly with the chief inspector, but Mr. Davis failed to file *any* grievance against Ms. Eberlin. This constitutes a failure to exhaust administrative remedies.

Mr. Davis also argues (for the first time in his objection)

2

that the exhaustion process should not be required for inmates in his particular situation - i.e. exhaustion should not be required for inmates seeking a redress for problems that filing a grievance cannot remedy.  As the Sixth Circuit Court of Appeals noted in Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999), exhaustion of administrative remedies is not jurisdictional; rather, it is a mandatory requirement that is imposed by statute.

> District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant. The statutory language, "no action shall be brought" until all available remedies are "exhausted," should be interpreted to mean precisely what is obviously intended - that a federal court should not prematurely "decide" the merits of any such action. Federal courts should not adjudicate any such claim until after exhaustion unless the complaint satisfies § 1997e(c)(2).

Brown v. Toombs, supra, 139 F.3d at 1104.  Even if the remedy sought is not available by the grievance process, an inmate must still exhaust all administrative remedies before bringing a claim in federal court.  See, e.g. Wyatt, 193 F.3d at 878 ("For the reasons that follow we hold that prisoners must exhaust the prison's grievance procedures before filing suit in federal court even though the damages remedy sought is not an available remedy in the administrative process").

In sum, in order to bring suit under the PLRA, a prisoner must exhaust all administrative remedies, and, as the Report and Recommendation correctly concluded, Mr. Davis failed to do so.

III.

This Court adopts the Magistrate Judge's Report and Recommendation in its entirety.  Accordingly, Mr. Davis' objections are overruled, and the case is DISMISSED WITHOUT PREJUDICE.

/s/ George C. Smith
George C. Smith
United States District Judge